IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE BOTT-GRAHAM | ) |
| Petitioner, | ) Case No. CV 09-0065-E-EJL |
| vs. | ) **MEMORANDUM ORDER** |
| BRIAN UNDERWOOD, Warden, | ) |
| Respondent.[1] | ) |

Currently pending before the Court in this habeas matter is Respondent's Motion for Summary Dismissal. (Docket No. 7.) The Court finds that the parties have adequately presented the facts and legal argument in their briefing, and this matter shall be resolved on the written record without oral argument. D. Idaho L. Civil R. 7.1(d). For the reasons that follow, the Court will grant Respondent's Motion, and this case shall be dismissed.

## BACKGROUND

In March 2004, the State of Idaho charged Petitioner with the first degree murder based upon the death of a two-year-old child in her care. (State's Lodging A-1, pp. 71-72.) In exchange for the State's agreement to reduce the charges to voluntary manslaughter and felony injury to a child, Petitioner agreed to plead guilty. (State's Lodging A-1, pp. 188-91.)

---

[1] Petitioner has incorrectly listed the Sixth Judicial District as the Respondent in this habeas matter. The Court takes judicial notice from the Idaho Department of Correction's records that she is presently housed at the Pocatello Women's Correction Facility (PWCC), www.accessidaho.org/public/corr/offender/search, and that Brian Underwood is the Warden at PWCC. The Warden shall be substituted as the proper Respondent.

**MEMORANDUM ORDER - 1**

After accepting her plea, the trial court sentenced her to ten years fixed for involuntary manslaughter and to a consecutive ten years, with one year fixed, for injury to a child. (State's Lodging A-1, pp. 202-05.)

Petitioner did not file a direct appeal, and her subsequent Idaho Criminal Rule 35 Motion for a reduction of her sentences was denied by the district court. (State's Lodging A-1, pp. 211-12.) On appeal from that decision, Petitioner argued that the lower court erred in imposing consecutive sentences, in violation of her right against double jeopardy, and that the court abused its discretion in not reducing her sentences. (State's Lodging B-1, pp. 3-7.) The Idaho Court of Appeals rejected the first argument on procedural grounds after finding that Petitioner was either attempting to appeal from the original judgment, which would be untimely, or was raising an "illegal sentence" claim for the first time on appeal. (State's Lodging B-4, pp. 1-3.) The Court of Appeals also affirmed the district court's denial of the Rule 35 Motion. (*Id.*) Petitioner did not file a petition for review in the Idaho Supreme Court.

Petitioner lodged the current Petition for Writ of Habeas Corpus in this Court on February 9, 2009, alleging that (1) she was deprived of her Sixth Amendment right to the effective assistance of trial counsel, (2) she was deprived of her Fourteenth Amendment right to effective counsel on direct appeal because her counsel refused to file a notice of appeal, and (3) she is being punished twice for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. (Docket No. 3, pp. 2-3.)

**MEMORANDUM ORDER - 2**

United States Magistrate Judge Larry M. Boyle conducted an initial review of the Petition and ordered Respondent to file an answer or an appropriate pre-answer motion to dismiss. (Docket No. 5.) Respondent has now done so by submitting the pending Motion for Summary Dismissal. The case was reassigned to the undersigned District Judge for resolution of the Motion because not all parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 23.) Respondent has filed a Response to the Motion and a "Reply," and the Court is now ready to issue its ruling.

## STANDARD OF LAW

### A. Summary Dismissal Standard

Rule 4 of the Rules Governing Section 2254 Cases authorizes a federal court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

When a court is considering a motion to dismiss, it may look beyond the pleadings to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986), *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.

### B. Exhaustion and Procedural Default

Habeas relief is available to prisoners who are being held in custody pursuant to a state court judgment in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Before coming to federal court, however, the petitioner must first exhaust all potential remedies in state court. 28 U.S.C. § 2254(b)(1)(A). This requirement is designed to promote comity and federalism by giving the state courts an initial opportunity to correct constitutional errors. *Duncan v. Walker*, 513 U.S. 364, 365 (1995).

A federal court must determine not only whether a petitioner exhausted her remedies, meaning that no opportunities to raise a constitutional claim remains available in state court, but also whether the petitioner exhausted those remedies *properly*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To do so, the petitioner must have fairly presented the alleged constitutional error at each level of the state appellate review process, alerting the state courts of the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state's appellate system includes the possibility of discretionary review in the highest state court, then to comply with the requirement of fair presentation, the constitutional claim must be raised in a petition for review. *Boerckel*, 526 U.S. 838, 845.

The failure to present a claim in state court will result in a procedural default if it is clear that the petitioner would now be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A claim may also be considered procedurally defaulted if a petitioner raised a federal claim in state court, but the

state court rejected the claim on an independent and adequate state law ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

A procedurally defaulted claim cannot be considered in a habeas proceeding unless the petitioner can establish cause for his default and actual prejudice flowing from the constitutional error, or can show a miscarriage of justice, which means that the petitioner is probably innocent. *Coleman*, 501 U.S. at 750. To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded her or her counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to [her] actual and substantial disadvantage, infecting [her] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

After reviewing the state court record in this case, it is clear to the Court that Petitioner has not raised her claims of ineffective assistance of counsel in any state court (Claims 1 and 2). If Petitioner attempted to do so now in application for post-conviction relief, the application would be dismissed as untimely. *See* Idaho Code § 19-4902(a) (post-conviction petition must be filed within one year from the expiration of the time for appeal or from the determination of an appeal). As a result, these claims are procedurally defaulted.

Although Petitioner pressed a constitutional double jeopardy argument in the Idaho Court of Appeals during the appeal from the denial of her Rule 35 Motion (Claim 3), the Court of Appeals refused to address the merits of the issue after determining that Petitioner was either pursuing an untimely appeal from the original judgment or was improperly raising a claim of an illegal sentence without first presenting that issue to the district court. (State's Lodging B-4, pp. 1-3.) Petitioner also did not re-assert the claim in the Idaho Supreme Court by filing a petition for review. Therefore, the third claim is procedurally defaulted.[2]

In an attempt to show "cause" to excuse the default, Petitioner contends that her counsel was constitutionally ineffective. She appears to be offering ineffective assistance of counsel both as cause for her default and as a substantive basis for habeas relief. Under certain circumstances, a claim of ineffective assistance can serve as cause, but only if the claim is itself properly exhausted and free of procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). Because no claims of ineffective assistance of counsel have been raised in the Idaho Supreme Court, under *Edwards* they cannot supply a conduit through which the merits will be heard on habeas review.

---

[2] The Court notes that the consistency of the application of the state rule as to when an "illegal sentence" can be raised and corrected might reasonably be called into question. *Compare Pauls v. State*, 101 P.3d 235, 238 (Idaho Ct. App. 2004) (finding, for the first time on appeal, an illegal sentence after concluding that the district court had no legal authority, years earlier, to suspend a prison sentence for murder); *with*, *e.g.*, *State v. Hoffman*, 55 P.3d 890, 896 (Idaho. Ct. App. 2002) (noting that a claim for an illegal sentence cannot be raised for the first time on appeal). The Court expresses no definitive opinion on the matter because the other two grounds—an untimely appeal and, more importantly, the failure to present the issue in the Idaho Supreme Court—support the finding of procedural default.

**MEMORANDUM ORDER - 6**

The Court understands Petitioner's primary complaint to be that she should not be held responsible for her attorney's refusal to file a direct appeal despite her instructions, but she does not explain why she failed to allege ineffective assistance of counsel on that basis in a timely application for post-conviction relief filed in state court, which she could have then exhausted through the appellate process. While she does argue that the legal forms at the Pocatello Women's Correctional Facility are complicated and difficult for non-lawyers to comprehend, prisons are not obligated to stock full law libraries or to give legal advice. The Constitution requires only that prisons provide inmates with minimal assistance for access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). In addition, a lack of legal knowledge is not uncommon among an inmate population, and ignorance of the law will not excuse the failure to comply with the State's procedural rules for raising claims in an appropriate time and manner. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (pro se status is not cause).

Accordingly, Respondent's Motion for Summary Dismissal shall be granted, and this case shall be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's judgment, the Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. A habeas petitioner cannot appeal unless a COA has been issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a

**MEMORANDUM ORDER - 7**

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists would not debate the Court's determination that Petitioner's claims are procedurally defaulted, and no COA shall issue. Petitioner is advised that she may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, she must file a timely notice of appeal in this Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall substitute Brian Underwood, Warden, as the proper Respondent in this matter.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 17) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealabilty shall not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court

shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 15, 2010**

_____
~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 9**